Defendant Linda Gayle Harford appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which overruled her motion to modify the community control sanctions the trial court previously imposed on her. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR THE TRIAL COURT VIOLATED THE DEFENDANT'S CONSTITUTIONAL RIGHTS UNDER THE FIRST, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATE [SIC] CONSTITUTION AND THE OHIO CONSTITUTION UNDER THE ARTICLE I, SECTIONS 10 16.
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED AS A "SPECIAL CONDITION OF COMMUNITY CONTROL SANCTION" THAT THE DEFENDANT HAVE NO CONTACT WHATSOEVER WITH HER LEGAL SPOUSE, PHILLIP HARFORD.
The record indicates appellant was convicted for illegal conveyance of a drug of abuse onto a detention facility in violation of R.C. 2921.36. The trial court sentenced appellant to a suspended one-year prison term and imposed three years of community control sanctions. The community control sanctions included two special conditions, that appellant have no contact with Phillip Harford, her husband, and not go to any prison or jail facility to visit.
In its judgment entry overruling the motion for modification of community control sanctions, the trial court outlined the factual basis of this case. Appellant is married to Phillip Patrick Harford, Sr., an inmate in the Mansfield Correctional Institute. On July 16, 1999, appellant brought several tablets of a controlled medication to the Mansfield Correctional Institution when she came to visit her husband. When appellant's employer, a nursing home, learned appellant had been apprehended with same sorts of medication she had access to at work, the employer gave her an opportunity to demonstrate she was in lawful possession of the drugs. Appellant did not do so, and the nursing home fired her.The trial court found the drugs appellant had brought into the prison endangered the lives of the prison staff and inmates, and appellant had sacrificed the safety of others to the interest of her husband. The court concluded appellant had given up her right to interact with her husband, and refused to modify the special conditions of her community control sanctions.
 I and II
Appellant does not separately brief her assignments of error, and for purposes of this opinion we will combine the assignments of error for clarity. Appellant did not specifically raise the constitutional issues before the trial court, although her pro se motion alluded to violation of her civil rights and those of her husband. Appellant urges not only has the trial court violated her constitutional rights, but also the special conditions constitute an abuse of the trial court's discretion.
It is well established the trial court is vested with discretion in determining what appropriate conditions of probation to impose, see Statev. Jones (1990), 49 Ohio St.3d 51. The Jones court set forth a test to determine if the conditions of probation are related to the interests of justice, rehabilitation of the offender, and insuring the offender's good behavior. The conditions must be reasonably related to rehabilitating the offender, have some relationship to the crime committed, and must relate to conduct which is criminal or reasonably related to future criminality and serve the statutory ends of probation, Jones at 53. However, the court's discretion in imposing conditions of probation is not limitless,Jones at 52 citations deleted. Such conditions cannot be overly broad so as to unnecessarily impinge upon the probation's liberty, Id.
Appellant points out Mansfield Correctional Institution has procedures in place to prevent the smuggling of contraband into the institution. In fact, appellant alleges she was actually subjected to a strip search on the day prison authorities seized the medication.
Appellant also urges the no contact order with her legal spouse prohibits her from telephone conversations, letters, and other activities wholly irrelevant to the charge to which she has been convicted.
We find the trial court has abused its discretion in setting forth these special conditions, which are clearly overbroad. The State cites us to case law supporting the entering of a no contact order between spouses, but the case cited by appellee was a domestic violence case, and clearly distinguishable.
The United States Supreme Court has called marriage "one of the vital personal rights essential to the orderly pursuit of happiness by free men, "Loving v. Virginia (1967), 388 U.S. 1. Marriage is fundamental to our very existence and survival, Skinner v. Oklahoma (1942), 316 U.S. 535. Our courts should seek to protect, not impair, the marital relationship. We find the trial court's order is overbroad, and the precautions already in place in the penal institution are sufficient to safeguard the staff and inmates therein.
The second assignment of error is sustained.
Because we find sufficient other grounds to rule on appellant's assignment of error, we need not specifically address the constitutional issues which appellant raises, see Dupler v. Mansfield Journal Company
(1980), 64 Ohio St.2d 116 other than our comments, supra. Accordingly, the first assignment of error is overruled as moot.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and final judgment sustaining appellant's motion in striking the special conditions of probation is hereby entered pursuant to App.R. 12 (B).
 ____________________ Gwin, P.J.
Wise, J., and Edwards, J., concur